ORIGINAL

**RECEIVED**
CLERK U.S. DISTRICT COURT

Pilialoha K. Teves    OCT 09 2013

Pro Se

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 09 2013

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

| | |
|---|---|
| United States of America | ) Case No.: 1:11-CR-00503-JMS |
| Plaintiff, | ) Notice of Motion and Motion to Set Aside and Reconsider Court's September 30, 2013 Denial of the Motion to Dismiss Counts 1-16 of the Superseding Indictment Against Only Pilialoha K. Teves or In the Alternative, If the Court Denies the Motion to Immediately Certify the Question to the 9th Circuit for Review; Memorandum of Points and Authorities; Declaration of Pilialoha K. Teves |
| vs. | ) |
| Pilialoha K. Teves, | ) |
| Defendant | ) |
| | ) FRCP Rules 59€ and 60(b); Hawaii District Court Local Rule CrimLR12.3 |
| | ) Date: |
| | ) Time: |
| | ) Judge: J. Michael Seabright |

### Notice of Motion and Motion

To all parties and their attorneys of record:

Please take notice that on _____, 2013, at _____

a.m., or as soon thereafter as the matter may be heard, in Courtroom ____ of the

U.S. District Court located at 300 Ala Moana Blvd., Honolulu, Hawaii, 96850,

Defendant Pilialoha K. Teves will move and hereby moves for an order to "Set

Aside and Reconsider Court's September 30, 2013 Denial of the Motion to Dismiss

Counts 1-16 of the Superseding Indictment Against Only Pilialoha K. Teves or In

the Alternative, If the Court Denies the Motion to Immediately Certify the

Question to the 9th Circuit for Review".

The reasons for the motion are:

"A district court may properly reconsider its decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.,* <u>5 F.3d 1255, 1263 (9th Cir. 2003)</u>. Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." <u>*United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)</u>."
*Smith v. Clark Cnty. Sch. Dist.,* No. 11-17398 (9th Cir., Filed August 21, 2013) For Publication, p. 8.

In the present case, factors (1) and (2) exist.

This Motion is based upon the Notice of Motion, the Memorandum of Points of Points and Authorities, the Declaration of Pilialoha K. Teves and such documents presented at the hearing of the Motion.

Dated: Honolulu, Hawaii, October ___9___, 2013

Pilialoha K. Teves
Pro Se

Pilialoha K. Teves

Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| United States of America | ) Case No.: 1:11-CR-00503-JMS |
|     Plaintiff, | ) Memorandum of Points and Authorities |
|     vs. | ) FRCP Rules 59€ and 60(b); Hawaii<br>) District Court Local Rule CrimLR12.3 |
| Pilialoha K. Teves, | ) Date: |
|     Defendant | ) Time:<br>) Judge: J. Michael Seabright |

### Memorandum of Points and Authorities

I.   **A Motion for Reconsideration May Be Brought.**

District Court Local Rule CrimLR12.3 states that the FRCP controls the
criminal procedure motion practice. The FRCP does not specifically have a rule for
a motion for reconsideration. Such motion is encompassed by FRCP Rules 59€ and
60(b).

The recent 9th Circuit case of *Smith v. Clark Cnty. Sch. Dist.*, No. 11-17398
(9th Cir., Filed August 21, 2013) For Publication stated the standard for
reconsideration at page 8 as follows in relevant part:

> "A district court may properly reconsider its decision if it "(1) is presented
> with newly discovered evidence, (2) committed clear error or the initial
> decision was manifestly unjust, or (3) if there is an intervening change in
> controlling law." *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th
> Cir. 2003). Clear error occurs when "the reviewing court on the entire record
> is left with the definite and firm conviction that a mistake has been
> committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)."

In the present case, factors (1) and (2) exist.

Factor (1) is demonstrated by the fact that subsequent to the filing of the Motion, the Government filed (1) the Government's Witness List (Doc. No. 198, filed 9/23/2013); (2) the Government's Exhibit List (Doc. No. 207, filed 9/27/2013) and (3) the Parties Joint Proposed Jury Instructions (Doc. No. 202, filed 9/26/2013) and took the trial deposition of Francisca Lono who authenticated Government Exhibits 9-9j. Neither Francisca Lono nor any of the Exhibits 9-9j were mentioned in the Superseding Indictment.

These actions demonstrated a constructive amendment and variance to the Superseding Indictment. (See Notice of Motion and Motion to Dismiss Counts 1-16, 17, 18 and 25 of the Superseding Indictment Charged Against Only Maharani Ventura-Oliver; Memorandum of Points and Authorities; or In the Alternative, If the Court Denies the Motion to Immediately Certify the Question to the 9th Circuit for Review, Doc. No. 208, filed 9/30/2013, incorporated herein by reference as if set forth in full.)

These actions also demonstrated that the Government was relying upon the allegations in the Superseding Indictment that the Hawaiian's claims to the land based upon the laws of the Kingdom of Hawaii and the Royal Patents were false as such actions showed the transfer of the ownership of land, the rescission of mortgages over the land, the registry of the conveyances and witnesses to authenticate such documents.

Factor (2) is demonstrated by the fact that the Court committed "clear error or the initial decision was manifestly unjust" by determining that the Court had jurisdiction to decide that the allegations in the Superseding Complaint claiming documents relating to ownership of land were false, were proper when such allegations by their nature contradicted the laws and sovereignty of the Kingdom of Hawaii and the Royal Patents over the land.

The *Baker v. Carr* criteria of the Political Question Doctrine determined to preclude the jurisdiction of the court in the case of *Sai v. Clinton et al.,* 778 F.Supp.2d 1 (D.D.C., 2011), Aff'd. Per Curium *Sai v. Obama* et al., (USCA, DCA No. 11-5142 9/26/2011).

Based upon Factors (1) and (2), reconsideration must be granted.

II.   **Underlying Facts Relevant to Reconsideration.**

As stated above, subsequent to the filing of the Motion, new evidence occurred (Factor (1)) and the Court committed "clear error or the initial decision was manifestly unjust" (Factor (2)).

Additionally, the following facts occurred:

(1)    The Government did not substantively oppose the Motion which should have resulted in the Court granting the Motion;

(2)    The Court did not address the problem set forth in the Motion that (1) the Superseding Indictment only described the actions of the Defendants as inextricably intertwined with the Hawaiiloa Foundation which was not named as a defendant or co-conspirator; and (2) the Superseding Indictment did not give the Defendants notice of any violation under Counts 1-16 which the Defendants committed apart from their association with the Hawaiiloa Foundation;

(3)    The Superseding Indictment in Count 1 only alleged the "conspiracy to commit violations against the United States" portion of 18 U.S.C. § 371;

(4)    The Court made three wrong underlying assumptions in its September 30, 2013 Order Denying Defendant Pilialoha K. Teves's Motion to Dismiss Counts 1-16 of the Superseding Indictment Doc. No.  196 (Order). These were:

(a) that the Motion argued the conduct of the Defendants; in truth, the Motion  did not argue the conduct of the Defendants but only quoted from

the Grand Jury testimony of undercover FBI Agent Steven Carter and the Memoranda of Plea Agreements of John Oliver and Leatrice Lehua Hoy; (b) that the Motion argued that the Defendants created the documents absolving individuals of their debts; in truth, the Motion showed that the Steven Carter testimony before the Grand Jury showed that documents not related to Hawaii came from a source outside the Hawaiiloa Foundation; and (c) that the Motion argued "Hawaiian Sovereignty" in general. The Order misrepresented the Motion by stating:

"First, to state the obvious, Hawaii is a state of the United States such that Defendants' assertion that mortgagors may somehow cancel their debts on the basis of Hawaiian sovereignty is untenable. The Ninth Circuit, this court, and Hawaii state courts have rejected arguments asserting Hawaiian sovereignty."

In truth, the Motion actually stated:

"The allegations in the Superseding Indictment related the Royal Patented land of the sovereign Kingdom of Hawaii to the alleged actions of the Defendants thereby mandating that Counts 1-16 of the Superseding Indictment as related to Pilialoha K. Teves be dismissed based upon the Political Question Doctrine." (Doc. No. 196, p. 52)
*****

The court's holding in the *Sai* case demonstrated that the federal court will not interfere with Native Hawaiian sovereign issues relating to land even when a Hawaii state court has violated the Political Question Doctrine and Article 6, Cl.2 of the U.S. Constitution, the Supremacy Clause requiring state judges to follow the U.S. Constitution, U.S. treaties and U.S. laws.

```
Any interference with such actions by the Court is
an interference with the area to be under the
political control of the Congress and the Executive
as shown by the U.S. District Court's refusal on
political question grounds to decide the issue of
Sai having created a registry for Native Hawaiian
property under the auspices of the Kingdom of
Hawaii. Under 20 U.S.C. § 7512(12) (A) (D) and €,
not only was such registry allowed, but it was
outside of the jurisdiction of the court.
```
Here, actions relating to the sovereign lands are outside the jurisdiction of
the courts as a political question and under 20 U.S.C. § 7512(12)." (Doc.
No. 196, p. 52-53);

(5)    These wrong assumptions formed the basis for the Court's conclusion:

"*Sai* neither holds nor suggests that a defendant can obtain dismissal of
an indictment by raising a (wholly frivolous) political question as his
defense in a criminal action. Rather, *Sai* confirms that courts will not address
claims that essentially challenge that Hawaii is a part of the United States.
**And although *Sai* dismissed the action for raising a nonjusticiable
political question, that result was due to the fact that the plaintiff was
asserting Hawaii sovereignty as an affirmative claim in a civil action. In
comparison, this is a criminal action in which Defendants seek to raise
Hawaii sovereignty defensively to preclude the criminal charges against
them. Thus, to the extent *Sai* is at all relevant to this action, the court
follows *Sai* by finding that Defendants cannot raise such arguments
before this court.** The court therefore DENIES Defendants' Motion to
Dismiss."

(6)    The Order totally ignored the fact that in the case of *Sai v. Clinton et
al.,* 778 F.Supp.2d 1 (D.D.C., 2011), Aff'd. Per Curium *Sai v. Obama* et al.,
(USCA, DCA No. 11-5142 9/26/2011), Sai was seeking to set aside a 2000 Hawaii
state criminal conviction for theft for having "passed a resolution announcing the

quieting of all land titles in the Hawaiian Islands" through the Hawaiian Kingdom Trust Company, a company which he had formed with another, "to provisionally serve as an acting government of the Hawaiian Kingdom" and which "appointed him to serve as acting Regent for the Hawaiian Kingdom." As the Order noted, the court in "*Sai* **dismissed the action for raising a nonjusticiable political question." The court in** *Sai* **refused to take jurisdiction over the actions in the Hawaii state  criminal matter**; and

> (7)   The statement in the Order:

> **"In comparison, this is a criminal action in which Defendants seek to raise Hawaii sovereignty defensively to preclude the criminal charges against them. Thus, to the extent** *Sai* **is at all relevant to this action, the court follows** *Sai* **by finding that Defendants cannot raise such arguments before this court."** (Emphasis added.)

violates the holding of *Sai* in which the Court held that in order to determine the issues before it at 778 F.Supp. 2d at 7 in relevant part:

> **"the Court would have to determine that the annexation of Hawaii by the United States was unlawful and void. As described above, that is a political question that this Court cannot decide**. The fact that the answer might be gleaned through a straightforward analysis of federal and international law does not matter; "[t]he political question doctrine deprives federal courts of jurisdiction, based on prudential concerns, over cases which would normally fall within their purview." *Lin,* 561 F.3d at 506; *see id.* ("We do not disagree with Appellants' assertion that we *could* resolve this case through treaty analysis and statutory construction; we merely decline to do so as this case presents a political question which strips us of jurisdiction to undertake that otherwise familiar task.") (internal citations omitted). Therefore, the Court must dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction." (Emphasis added.).

III.     **The Factors Mandate Reconsideration.**

In this case, as in *Sai*, the Court must dismiss the case under the *Baker v.*

*Carr* criteria of the Political Question Doctrine as the Government conceded by not

substantively opposing the Motion, that the land which is the alleged underlying support of the alleged "fictitious financial instruments" in Counts 1 and 2 is either the sovereign land of the Kingdom of Hawaii or subject to Royal Patents. This concession required the court to determine the political structure of the Kingdom of Hawaii and its relationship to the land thereby precluding jurisdiction under the *Baker v. Carr* criteria of the Political Question Doctrine as occurred in *Sai*, and cases cited therein.

The "new evidence" shows that the Government is relying on the documents relating to the land and the witnesses to authenticate such documents as "proof" of the falsity of the documents which have an underlying claim to the land under the laws of the Kingdom of Hawaii and the Royal Patents.

The *Baker v. Carr* criteria of the Political Question Doctrine preclude the Court from deciding Hawaiian sovereignty in an attempt to uphold the allegation in the Superseding Indictment that the claims to such land were false as set forth as follows in relevant parts:

Superseding Indictment Count 1, p.1-2

**"Defendants  were associated with groups based in Maui known as "Hawaiiloa Foundation", "Ko Hawaii Pae Aina," and "the Registry" (collectively the Hawaiiloa Foundation"). The Hawaiiloa Foundation conducted seminars on Maui and elsewhere offering to teach others about Hawaiian history and property rights. Defendants also conducted private meetings with [Hawaiialoa Foundation's] seminar participants**, during which they marketed a debt assistance program which they claimed could eliminate mortgage, credit card and other debt. **In return for a "kokua," or fee of $1,500 to $10,000, defendants promised to teach individuals how to use** "bonds" **and other legal documents** to pay their debts by drawing on fictitious accounts purportedly established for each individual at his or her birth. **Defendants obtained information from their customers about their properties** and debts, and prepared various "bonds", "bonded promissory notes", and "private money orders" which purported to be issued on their [the customer's] behalf under the authority of the United

States Treasury or the State of Hawaii. Defendants thereafter caused the customers to send, via United States mail, such fictitious financial instruments to the United States Treasury, the Federal Reserve Bank, the State of Hawaii, their creditors, as a purported means of discharging their existing debts, and **forestalling   mortgage foreclosure** and debt collection efforts." (Emphasis added.)

Superseding Indictment, Count 2 p. 7

**"Defendants falsely represented that other documents which they prepared including irrevocable trusts, deeds to trusts**, UCC financing statement amendments, satisfactions of liens, and declarations and verifications of payments, would protect against the collection of debt if filed with the State of Hawaii, Bureau of Conveyances;" (Emphasis added.)

## Conclusion

The Superseding Indictment, on its face, requires the Court to accept the premise in the Superseding Indictment that Hawaiians do not have rights to their land based upon sovereignty of the Kingdom of Hawaii and the Royal Patents. The *Baker v. Carr* criteria of the Political Question Doctrine, the *Sai* case and the cases cited therein preclude the Court from doing such.

The initial decision of the Court must be reconsidered due to: (1) subsequent new evidence; and (2) the Court committed "clear error or the initial decision was manifestly unjust".

The Superseding Indictment must be dismissed as the Court does not have jurisdiction under the *Baker v. Carr* criteria of the Political Question Doctrine to hear the Superseding Indictment as it presently stands.

Dated: Honolulu, Hawaii, October ___9___, 2013

Pilialoha K. Teves
Pro Se

Pilialoha K. Teves

Pro Se

## UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

| | |
|---|---|
| United States of America | Case No.: 1:11-CR-00503-JMS |
| Plaintiff, | Declaration of Pilialoha K. Teves |
| vs. | FRCP Rules 59€ and 60(b); Hawaii District Court Local Rule CrimLR12.3 |
| Pilialoha K. Teves, | Date: |
| Defendant | Time: |
| | Judge: J. Michael Seabright |

### Declaration of Pilialoha K. Teves

I, Pilialoha K. Teves, declare:

The following facts are within my personal knowledge and if called to testify, I could and would competently testify thereto as follows:

1. I am a defendant in the present case.

2. Incorporated herein by reference as if set forth in full is the Court's September 30, 2013 Order Denying Defendant Pilialoha K. Teves's Motion to Dismiss Counts 1-16 of the Superseding Indictment Doc. No. 196 (Order).

3. Incorporated herein by reference as if set forth in full is the Notice of Motion and Motion to Dismiss Counts 1-16, 17, 18 and 25 of the Superseding Indictment Charged Against Only Maharani Ventura-Oliver; Memorandum of Points and Authorities; or In the Alternative, If the Court Denies the Motion to Immediately Certify the Question to the 9th Circuit for Review, Doc. No. 208, filed 9/30/2013.

4. Incorporated herein by reference as if set forth in full are: (1) the Government's Witness List (Doc. No. 198, filed 9/23/2013); (2) the Government's Exhibit List (Doc. No. 207, filed 9/27/2013); (3) the Parties Joint Proposed Jury Instructions (Doc. No. 202, filed 9/26/2013); and (4) the trial deposition transcript of Francisca Lono taken 9/24/2013 and filed as part of the record of the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9 day of October, 2013 at Honolulu, Hawaii.

Pilialoha K. Teves