IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PILIALOHA K. TEVES (03),<br><br>Defendant. | CR. NO. 11-00503 JMS (03)<br>CIV. NO. 16-00543 JMS-KJM<br><br>ORDER: (1) DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 433; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**ORDER: (1) DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 433; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

On October 22, 2013, after a three-week jury trial, Defendants Pilialoha K. Teves ("Teves") and Mahealani Ventura-Oliver ("Ventura-Oliver") (collectively, "Defendants") were found guilty of multiple counts relating to a fraudulent debt assistance program as charged in a September 1, 2011 Superseding Indictment ("SI").[1] On February 21, 2014, the court entered a judgment sentencing Teves to a term of 42 months incarceration, imposed a restitution obligation, and ordered that she forfeit all interest in specific properties. ECF No.

---

[1] Although the SI charged additional Defendants, they were no longer part of this action when trial commenced.

307.  Currently before the court is Teves' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion").  ECF No. 433.

Teves' § 2255 Motion alleges that she received ineffective assistance of counsel as to the forfeiture order and seeks a reduction of the forfeiture money judgment.  She neither challenges the validity of her conviction or sentence nor seeks release from custody.  For the reasons discussed below, the § 2255 Motion and a Certificate of Appealability are DENIED.

## II. BACKGROUND

Teves and four co-defendants were charged with conspiracy and mail fraud offenses arising out of their promotion and operation of a debt elimination scheme.  Defendants were associated with groups based in Maui known as the "Hawaiiloa Foundation," "Ko Hawaii Pae Aina," and "The Registry" (collectively, "HLF"), and they allegedly conducted seminars on Maui offering to teach individuals about Hawaiian history and property rights.  They also marketed a debt assistance program claiming to eliminate mortgage, credit card, and other debt in exchange for a fee.  Through HLF, Defendants offered to provide individuals "bonds" and other legal documents to pay their debts by drawing on fictitious accounts purportedly established for each individual at his or her birth and maintained by the United States Treasury and the State of Hawaii.  Defendants

caused these individuals to send these "bonds" and other legal documents to the United States Treasury, the Federal Reserve Bank, the State of Hawaii, and their creditors as a purported means of discharging their debts and forestalling mortgage foreclosures and debt collection efforts.  HLF obtained approximately $468,000 from these individuals.  The SI sought entry of a personal forfeiture money judgment in that amount, and the forfeiture of bank accounts, cash, collectible coins, and vehicles that were proceeds of the offenses.

Following trial, Teves was found guilty of twelve counts of mail fraud, and acquitted of three other counts of mail fraud (for events occurring prior to July 9, 2008).  Verdict Form, ECF No. 243.  On December 17, 2013, this court entered a preliminary order of forfeiture against Teves that provided for the entry of a money judgment of $468,000.  ECF No. 281.  At the February 10-11, 2014 sentencing hearing, because Teves was acquitted of counts relating to conduct prior to July 9, 2008, the court reduced the amount in the preliminary forfeiture order to $369,622.01, reflecting the amount of proceeds received by HLF during Teves' participation in the conspiracy.  ECF No. 303.  Judgment was entered on February 21, 2014, sentencing Teves to a term of 42 months incarceration, imposing a restitution obligation, ordering that she forfeit all interest in specific properties, and ordering that the final order of forfeiture include a money judgment of $369,622.01.  ECF No. 307.

Following Teves' sentencing, Ventura-Oliver contested the forfeiture allegations, and sought a reduction of the money judgment by the value of the assets seized. The seized assets had not been sold due to a stay in the execution of forfeiture pending direct appeals.[2] ECF No. 383. The Government, having agreed that the value of the seized assets was $195,472, sought a money judgment of $272,528, which represented the $486,000 derived from the scheme, less the $195,472 value of the other seized assets as proceeds of the scheme. On June 13, 2014, the court entered a preliminary order of forfeiture against Ventura-Oliver that provided for a money judgment of $272,528. ECF No. 352.

On January 23, 2015, the court entered a final order of forfeiture against Teves, acknowledging that the money judgment against Ventura-Oliver was reduced by the value of the seized property, but noting that the preliminary order of forfeiture against Teves had become final at the time of sentencing and therefore, the court lacked jurisdiction to grant a similar reduction. ECF No. 416.

In her direct appeal, Teves challenged both her conviction and the court's failure to reduce the money judgment by the value of the seized assets. On October 15, 2015, the Ninth Circuit affirmed Teves' judgment in all respects. *See Teves*, 621 F. App'x 486, 487 (9th Cir. 2015). The Ninth Circuit noted that

---

[2] Both Defendants appealed their convictions. On October 30, 2015, the Ninth Circuit affirmed Teves' judgment. *United States v. Teves*, 621 F. App'x 486 (9th Cir. 2015) (mem.). Ventura-Oliver's conviction was affirmed on November 7, 2016. *United States v. Ventura-Oliver*, 2016 WL 6585121 (9th Cir. Nov. 7, 2016) (mem.).

imposition of criminal forfeiture is "subject only to statutory and constitutional limits," and that under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Teves must forfeit "the proceeds of her criminal activity." *Id.* (citing *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011)). In affirming Teves' judgment the Ninth Circuit explained:

> Teves cites no case that requires a district court to order an offset against a personal money judgment by the value of the seized property *before* the property is sold. In the absence of such controlling authority, we conclude that the district court did not plainly err by failing to order the offset. In the event that Teves' personal money judgment is not offset by the proceeds of the forfeiture sale, and the Government attempts to collect in total more than the facial amount, Teves will be free to raise the challenge at that time.

*Id.* at 487-88.

### III. **STANDARD OF REVIEW**

The court's review of Teves' § 2255 Motion is governed by 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing on a § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). "Thus, the district court's decision that [the petitioner's] ineffective assistance claim did not warrant an evidentiary hearing [is] correct if his allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *Schaflander*, 743 F.2d at 717). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Because the court concludes that the issues in Teves' § 2255 Motion can conclusively be decided on the basis of the existing record, the court will not hold an evidentiary hearing.

## IV.  DISCUSSION

Teves filed the instant § 2255 Motion challenging the forfeiture order and money judgment. Specfically, Teves alleges that she received ineffective

assistance when counsel: (1) "fail[ed] to object to forfeiture of a personal money judgment;" and (2) "fail[ed] to request the amount of the personal money judgment be offset by the value of the seized property." § 2255 Motion at PageID ## 5584-85, ECF No. 433-1.

**A.      Teves' Claim Fails Under § 2255**

Teves' challenge to the forfeiture order and money judgment is not cognizable under § 2255.  *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999), determined that "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released.  It cannot be used solely to challenge a restitution order."  *Id.* at 1130.  That is "[c]laims seeking release from custody can be brought under § 2255; claims seeking other relief cannot."  *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002).  Thus, a "forfeiture claim is not a cognizable § 2255 claim." *United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011).  And even when "couched as an ineffective assistance of counsel claim," a challenge to a "prior order of forfeiture . . . is not cognizable through a § 2255 motion." *Oranga-Zuniga v. United States*, 2014 WL 3056800, at *2 (W.D. Wash. July 7, 2014) (citing *Thiele*, 314 F.3d at 402).

Here, by her own admission, Teves' challenges only the forfeiture order and seeks a reduction of the money judgment.  She does not challenge her

conviction or sentence, and does not seek release from custody.  *See* § 2255 Motion at PageID # 5584.  Thus, her claim is not cognizable under § 2255.

**B.     Teves' Claim Also Fails If Construed as a Writ of Error Coram Nobis**

In light of the foregoing, the court may (but is not required to) sua sponte construe the § 2255 Motion as a writ of error coram nobis.  *See Casas-Castrillon v. Wagner*, 265 F. App'x 496, 497 (9th Cir. 2008) ("The district court was not obligated to construe, sue sponte, [a] habeas petition as a writ of error *coram nobis*."); *see also United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 373-74 (2010) ("Federal courts have authority to issue the writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651(a)."); *Cepeda v. California*, 2009 WL 959955, at *1 (E.D. Cal. Apr. 6, 2009) ("[T]he court may construe petitioner's habeas petition as a request for a writ of coram nobis.").

Even construed as a petition for a writ of coram nobis, however, Teves' claim fails.  *Coram nobis* is an extraordinary remedy available only if Teves can show "error[ ] of the most fundamental character."  *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).  And a "writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable."  *United States v. Reidl*, 496 F.3d 1003, 1005 (9th Cir. 2007).  They "should be granted 'only under

8

circumstances compelling such action to achieve justice.'" *Id.* (quoting *United States v. Morgan,* 346 U.S. 502 (1954)).

Coram nobis relief may be granted only if Teves can satisfy all four of the following criteria:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Id.* at 1006 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).  Teves clearly fails to meet the fourth criterion -- that is, she cannot demonstrate a fundamental error, such as ineffective assistance of counsel.  *See, e.g.*, *Kwan*, 407 F.3d at 1014 (collecting cases).

To establish ineffective assistance of counsel, Teves must show that (1) counsel's representation was deficient, and (2) she suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  *See id.* at 697.  In other words, any deficiency that does not result in prejudice necessarily fails.

Here, Teves has not met the second *Strickland* prong.  Even assuming counsel's representation was deficient (which the court does not find) for failing to

9

(1) object to forfeiture of a personal money judgment, and (2) request that the personal money judgment be offset by the value of the seized property, Teves has not shown actual prejudice. Teves alleges prejudice because she "is left with a forfeiture order in an amount greater than the proceeds of the offense of conviction . . . that contains no language to ensure" that an offset will be applied. § 2255 Motion at 5-6.

But Teves is mistaken. First, on Teves' direct appeal, the Ninth Circuit determined that the court's failure to reduce the money judgment by the value of the seized assets was not plain error and resulted in no prejudice to Teves at that time. *Teves*, 621 F. App'x at 487-88 ("The district court did not plainly err by failing to order the offset . . . and [should] the Government attempt[] to collect in total more than the facial amount, Teves will be free to raise the challenge at that time."). Second, the forfeiture sale still has not yet occurred, and the government continues to represent that it will offset Teves' personal money judgment by the proceeds from the forfeiture sale. *See* Govt's Opp'n at 7 n.5, ECF No. 440 ("[T]he Ninth Circuit has just affirmed Co-defendant Ventura-Oliver's judgment. When the mandate in that case issues, the government intends to sell the seized items. Teves' money judgment will be reduced at that time by the amounts obtained by the sale.").

Given the Ninth Circuit's determination of no plain error by the court and recognition that Teves was not prejudiced by the money judgment prior to the forfeiture sale, and the absence to date of a forfeiture sale, the court finds that Teves has failed to show actual prejudice from counsel's representation as to the forfeiture order and money judgment.[3]  Thus, Teves cannot meet the fourth required criterion of fundamental error for coram nobis relief at this time.

In short, a petition for a writ coram nobis is premature.  If the government fails to reduce the money judgment by the proceeds from the forfeiture sale, Teves could seek coram nobis relief at that time.

C.     **Certificate of Appealability**

In dismissing the § 2255 Motion, the court must also address whether Teves should be granted a certificate of appealability ("COA").  *See* R. 11 Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

---

[3] The court is not holding, as a matter of law, that Teves' failure to prevail under a plain error standard on direct appeal necessarily forecloses an ineffective assistance of counsel claim on collateral review.  *See James v. United States*, 622 F. App'x 689 (9th Cir. 2015).  Several courts have held or suggested, however, that *Strickland's* prejudice prong is virtually identical to the plain error's substantial rights' prong.  *See Close v. United States*, 679 F.3d 714, 720 (8th Cir. 2012); *United States v. Rangel*, 781 F.3d 736, 745-46 (4th Cir. 2015); *Bennett v. United States*, 663 F.3d 71, 89 (2d Cir. 2011); *United States v. Saro*, 24 F.3d 283, 287 (D.C. Cir. 1994); *see also*, *United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating that in the ordinary case, the plain error requirement of affecting substantial rights requires a showing of prejudice).

The court carefully reviewed all of Teves' assertions and gave her every benefit by liberally construing them. Based on the above analysis, the court finds that reasonable jurists could not find the court's rulings debatable. Accordingly, a COA is DENIED.

## V. CONCLUSION

For the foregoing reasons, the court DENIES Teves' § 2255 Motion and DENIES a COA. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Teves*, Cr. No. 11-00503 JMS (03); Civ. No. 16-00543 JMS-KJM, Order: (1) Denying Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, ECF No. 433; and (2) Denying A Certificate Of Appealability